# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2774 | **DATE** | 11/19/2004 |
| **CASE TITLE** | Soriano vs. Town of Cicero, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to stay is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

JOSE SORIANO,   )
                )
    Plaintiff,  )
                )   Case No. 04 C 2774
    v.          )
                )   Honorable John W. Darrah
TOWN OF CICERO, )
OFFICER DINO VITALO, )
OFFICER JASON STRUD, )
OFFICER VITO PACIONE, )
OFFICER STEVE HENDRICK, )
OFFICER SCOTT HARRIS, and )               NOV 22 2004
OFFICER JEFF PAWELSKI, )
                )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jose Soriano, filed suit against Defendants, the Town of Cicero, Officer Dino Vitalo, Officer Jason Strud, Officer Vito Pacione, Officer Steve Hendrick, Officer Scott Harris, and Officer Jeff Pawelski. Plaintiff brings a number of claims against Defendants, including claims under 42 U.S.C. § 1983 for: (1) excessive force, (2) failure to intervene, and (3) false arrest and unlawful detention. The Town of Cicero has brought a criminal action against Plaintiff, alleging that Plaintiff committed a number of criminal offenses arising out of the same occurrence. Presently before the Court is Plaintiff's Motion to Stay. Plaintiff seeks to stay all proceedings in this action until the completion of the criminal action against Plaintiff in state court. For the following reasons, that motion is denied.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Plaintiff alleges that some of the Defendant officers used unjustified, unlawful force in shooting Plaintiff through the spinal

cord. Plaintiff further alleges that other officers watched the incident without intervening. Plaintiff seeks money damages.

The Town of Cicero brought a criminal action against Plaintiff, alleging that Plaintiff committed the aggravated battery of police officers by attempting to use his car to strike the police officer. This event precipitated the alleged shooting, and the Town of Cicero thus contends that the officers were justified in using deadly force resulting, in the shooting of Plaintiff because of Plaintiff's actions.

## ANALYSIS

Plaintiff seeks a stay of this case under *Younger* abstention grounds. *Younger v. Harris*, 401 U.S. 37 (1971) (*Younger*). At issue in *Younger* was whether a state court criminal defendant could attack the constitutionality of a state statute in federal court by seeking injunctive relief. *Younger*, 401 U.S. at 39-40. The Supreme Court stated that comity existed between state courts and federal courts, a principle whereby federal courts respect state functions and restrain from interfering with criminal prosecutions. *Younger*, 401 U.S. at 44. In the Seventh Circuit, district courts may also stay proceedings seeking money damages against state entities while state criminal matters are being prosecuted because "the resulting federal judgment might undermine the [state] court's consideration of [the plaintiff's] constitutional defenses. *Simpson v. Rowan*, 73 F.3d 134, 138-39 (7th Cir. 1995) (*Simpson*). "In deciding whether *Younger* abstention applies, a court must determine, at the threshold, whether litigating claims that are present could interfere with an ongoing state criminal proceeding." *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004) (*Robinson*).

2

Plaintiff contends that abstention is appropriate because state criminal proceedings, which implicate important state interests concerning felony criminal charges, are ongoing. Plaintiff also argues that he can adequately raise his constitutional claims in the state court action. In support of these propositions, Plaintiff cites *Robinson*, 2004 WL 2032120, and *Mitts v. Marszewski*, No. 97 C 2029, 1998 WL 26151 (N.D. Ill. Jan. 14, 1998) (*Mitts*).

However, those cases are distinguishable. In *Robinson*, the criminal action claimed the civil plaintiff battered police officers during a fight; the plaintiff's civil claims dealt with that same exact incident. *Robinson*, 2004 WL 2032120, at * 1. Likewise, in *Mitts*, the civil complaint and the criminal charge deal with the same exact incident. *Mitts*, 2004 WL 2032120, at *3-6. Plaintiff, in his reply, offers nothing to the contrary.

Defendants cite *Holten v. City of Genoa*, No. 02 C 50201, 2002 WL 32128773, at * 2 (N.D. Ill. July 8, 2002), where the court held that § 1983 claims involving excessive force and failure to intervene do not "raise constitutional issues that would have any bearing on [plaintiff's] state criminal proceedings." There, the plaintiff brought claims and allegations that are similar to the allegations in this Complaint, while, in *Holten*, the state brought criminal charges against the plaintiff for driving his car into a police car. *Holten*, 2002 WL 32128773, at * 1. There, as here, it has not been shown "why the primary constitutional issue raised in [the plaintiff's] federal case – i.e., whether shooting at him . . . was a reasonable or excessive amount of force under the circumstances – should play any role in the state courts' consideration of [the plaintiff's] criminal proceedings." *Holten*, 2002 WL 32128773, at * 3.

3

Here, Plaintiff has failed to identify how his constitutional claims in this case will interfere with the state criminal proceeding; the criminal claims deal with Plaintiff's conduct before he was injured. As such, *Younger* abstention is not appropriate.

Plaintiff contends that the *Holten* case was effectively stayed because the discovery could not be completed. Plaintiff also argues that, in this case, Defendants have already refused to produce discovery because that would cause interference with the criminal case. However, discovery was stayed in *Holten* based on an assertion of privilege by the defendants. *Holten v. City of Genoa*, No. 02 C 50201, 2003 WL 22118941, at *3 (N.D. Ill. Sept. 12, 2003). The issue of privilege is not properly before the Court.

Based on the above, *Younger* abstention is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay is denied.

Date: November 19, 2004

John W. Darrah, Judge
United States District Court

4